### IN T'IE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

## NOVEMBER TERM, 1858.

Present—JOSEPH H. LUMPKIN,  
CHARLES. J. McDONALD, } Judges.  
HENRY L. BENNING,

---

T. J. BOTTOMS, plaintiff in error, vs. R. J. MITHVIN and W. F. SANFORD, Sheriff, defendant in error.

A plaintiff in execution present at a sale made by the Sheriff, of property of defendant, to satisfy the execution, is so far bound by an announcement made by the Sheriff at the time of sale, as to the payment from the proceeds of sale, of a lien claimed by a vendor of the property sold, that he ·cannot contest it, in a rule against the Sheriff for the money, unless the announcement was fraudulently or collusively made by the Sheriff.

Rule against the Sheriff. In Thomas Superior Court, at June Term, 1858.

Thomas J. Bottoms obtained a judgment against Redding J. Mithvin, in Thomas Superior Court. At the June Term of the Superior Court, he moved a rule thereon, against Wade F. Sanford the Sheriff, reciting that it appeared to the Court, that the plaintiff had levied on property sufficient in value to satisfy said *fi. fa.*, in time to have brought it to sale before the Court; and reciting also, that other *fi. fas.* against the defendant had been levied on other property and money

raised, in the distribution of which the said *fi. fa.* was entitled to share. The Sheriff was required to show cause why he did not pay over the amount due on said *fi. fa.*, and he was further required to bring into Court the several *fi. fas.* in his hands against the defendant.

The Sheriff responded to the rule in an answer, and an amended answer, in which he stated that he had levied the said *fi. fa.* immediately after it came to his hands, on a house and lot in Fletchersville. He received a *fi. fa.* about the same time in favor of James H. Hays *vs.* R. J. Mithvin and Dixon Carroll, which had been levied by the former Deputy Sheriff. He had it levied on six hogs, by his deputy, which was the only property within his knowledge subject to the *fi. fa.* He sold the house and lot for $405, and the hogs for $19. From these sums he paid the amount of a vendor's lien, (on the house and lot levied on as is supposed,) amounting to $252, which he understood was to be paid by consent of parties. The balance he paid over to *fi. fas.* for costs and other *fi. fas.*, and $24 to the *fi. fa.* of T. J. Bottoms. The amount paid to the vendor never came to his hands, but was paid to him by Dixon Carroll, who controlled the *fi. fa.* of James H. Hays *vs.* Mithvin. The first time the lot was advertised to be sold, T. J. Bottoms objected to the payment of the vendor's lien. The respondent had no further conversation with him, but Dixon Carroll told him it was to be sold by mutual consent; to-wit: the consent of T. J. Bottoms, his own, (Dixon Carroll's,) and Burch & McLendon, attorneys for vendors.

The Sheriff's answer was traversed. It was proven that the sale was postponed once, because Bottoms would not consent to the payment of the vendor's lien on the house and lot, from the proceeds of sale, for the enforcement of which a bill in chancery was pending. On the day on which the sale was made, the Sheriff announced publicly, that the vendor had a lien for the purchase money, which would be first paid out of the proceeds of sale. The same

Bottoms vs. Mithvin, and Sanford, Sheriff.

witness who testified to these things, stated that he did not know whether or not Bottoms was present when the announcement was made, but he saw him there during the bidding, and urged him to bid up, but he did not bid. The witness *supposed* he did not bid, because he did not have the money.   There was no arrangement such as that stated by the Sheriff, that the vendor's lien should be paid from the proceeds of the sale, between the attorneys for Johnson the vendor, Carroll and Bottoms.

About the time the property was crying at $390, the plaintiff, Bottoms, called on A. T. McIntyre, Esq., for information in relation to the sale, and asked his advice in the matter; but having an interest adverse to that of Bottoms, he declined giving the advice and information sought. The impression of the witness was, that the plaintiff did not understand his rights in the matter.

"The Court refused the motion and discharged the rule; holding, that the fund should be held up, until the question of the vendor's lien should be determined, and the Court ordered a proceeding for that purpose."

To this decision the counsel for plaintiff excepted.

A. R. ALEXANDER, for plaintiff in error.

A. H. HANSELL, by I. L. HARRIS, for defendant in error.

*By the Court.*—McDONALD J. delivering the opinion.

The issue made up on the Sheriff's answer and amended answer to the rule, does not seem to have been submitted to a jury.   I presume the presiding Judge passed upon the facts as well as the law of the case, by the consent of parties.   If so, was the decision in accordance with the law of the case ?

It was a proceeding against the Sheriff to compel him, in a summary way, to pay over money in his hands, or which ought to have been in his hands, raised on the sale of the property of the defendant in execution.   He

sold the property for a sum of money sufficient to pay the execution of the plaintiff, and if there be no sufficient reason wherefore he does not pay the plaintiff the amount due him, the rule ought to be made absolute against him.    It seems that the vendor of the house and lot to the defendant in execution, which were levied on and advertised, claimed that a part of the purchase money was still due him, and he insisted on his lien for the amount unpaid, and that he had filed a bill in equity to enforce it.    The property had been advertised to be sold on a sale day prior to that on which it was sold, and the sale was postponed because the plaintiff would not recognize the vendor's lien, and agree that it should be paid.

On the day on which it was sold, the Sheriff announced publicly, to persons present at the sale, that the vendor of the house and lot, had a lien thereon for the purchase money, which would be paid from the proceeds of sale.    It appears from his answer, that he was so informed by Carroll, who controlled one of the *fi. fas.*, and who, we suppose, became the purchaser of the property at Sheriff's sale, from the fact, that he extinguished the vendor's lien, without passing the money through the hands of the Sheriff.    While the Sheriff was offering the property for sale, and after the announcement was made by the Sheriff, the plaintiff, Bottoms, was seen by two of the witnesses, in the company, and he endeavored to get information and advice from one of them, as to his rights in the matter.    If he was present at the sale, which the presiding Judge in the Court below had a right to infer, and made no objection to the sale on the terms proclaimed by the Sheriff, he is not entitled to this summary remedy against the Sheriff, without proof of collusion between the Sheriff and Carroll, who made a false statement to the Sheriff, in respect to the consent of the parties to the payment of the vendor's lien from the proceeds of sale.

If Carroll became the purchaser, and still holds the property, what is to prevent a re-levy and sale, provided he did

misrepresent to the Sheriff the agreement or consent of parties as aforesaid?

Upon a consideration of the entire case, we think the presiding Judge, on the hearing of the rule, gave a proper and legal direction to it.

Judgment affirmed.